UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JESUS JUAREZ**                                                       **CIVIL ACTION**

**VERSUS**                                                             **NUMBER 08-104-RET-DLD**

**DAVE MOUTON, STATE NATIONAL INSURANCE COMPANY, INC., AND SPECIALIZED ENVIRONMENTAL RESOURCES, L.L.C.**

## REPORT AND RECOMMENDATION

This matter is before the court on referral of plaintiff's motion to remand (rec. doc. 2). Plaintiff seeks an order remanding this action based on defendants' failure to remove this matter within 30 days of service of the state court petition and failure to establish federal question jurisdiction. The motion is opposed.

### Background

On December 12, 2006, defendant Dave Mouton was operating an airboat when it hit a mud flat causing it to flip and crash ashore in the Sabine National Wildlife Refuge in the Parish of Cameron. Plaintiff was struck by the airboat and sustained injuries. At the time of the accident, Mouton was in the course and scope of his employment with defendant, Specialized Environmental Resources, L.L.C, (Specialized). Specialized was allegedly covered by a policy of liability insurance issued by defendant, State National Insurance Company, Inc. (State National). Prior to filing suit, plaintiff put Specialized on notice of the accident by letter dated July 5, 2007. On December 3, 2007, plaintiff filed suit

in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for injuries sustained in the airboat accident.

Defendants Specialized and State National were served with plaintiff's petition on December 7 and 12, 2007, respectively. Upon learning that the sole member of Specialized, Stephen Scott Broussard (Broussard), had been quarantined due to a possible tuberculosis infection, defendants' counsel requested an informal extension of time until January 10, 2008, within which to file responsive pleadings. He requested a second informal extension of time through January 22, 2008, because the quarantine remained in effect. Once the quarantine was lifted, defendants' counsel discussed the allegations in the petition with Broussard on Monday, January 21, 2008, at which time counsel states that he was first informed that the work being done by Specialized was at the direction and control of the United States Coast Guard (USCG). Thereafter, defendants' counsel contacted plaintiff's counsel in an attempt to obtain additional information that was not in the original petition regarding plaintiff's domicile, the nature of plaintiff's injuries, and plaintiff's employer, ostensibly in an attempt to establish diversity jurisdiction. Defendants allege that although at some point plaintiff's counsel indicated that he intended to file a supplemental petition alleging plaintiff's domicile, age, and injuries, this was never done.

In response to the absence of this information in plaintiff's petition for damages, on January 29, 2007, Specialized and State National filed a dilatory exception of vagueness, lack of procedural capacity and peremptory exception of no right of action in state court. Prior to the hearing on the exceptions, however, defendants removed this matter on February 19, 2008, on the basis of federal question jurisdiction. Specifically, defendants allege that federal question exists because plaintiff's claims are subject to the government

contractor defense, 28 U.S.C. §1442(a)(1), and because this court has exclusive jurisdiction as a result of 28 U.S.C. §1333, and, in particular, the Limitation of Liability Act, 46 U.S.C. §181-189, et. seq (sic)[1] (rec. doc. 1).

Defendants originally filed an unexecuted verification in support of their notice of removal (rec. doc. 6, Exhibit 3) and later moved to substitute the verification with an executed copy of an amended verification (rec. doc. 7), which plaintiff opposed. Defendants' motion for leave was granted so that Broussard's verification could be considered in connection with the motion to remand (rec. doc. 11).

## Argument of Parties

Plaintiff seeks to remand this matter because defendants' removal is procedurally defective in that it was not filed within 30 days of service of the state court petition and because they cannot establish federal question jurisdiction under either the government contractor defense or the Limitation of Liability Act (rec. docs. 1 and 2). Plaintiff contends that the defendants cannot meet all the elements necessary to establish the government contractor defense and that it is too late to file a complaint for limitation. Plaintiff therefore concludes that there is no basis for exclusive federal jurisdiction, and, even if there were grounds for federal question under the government contractor defense, any basis for removal has been waived by defendants' untimely removal. The untimely removal was the result of Specialized's failure to act upon facts known as of the date of service; that is, that it was performing work in a maritime setting at the directions of the USCG, which arguably would make this matter removable.

---

[1] The Limitation of Liability Act was amended in 2006, and is now found at 46 U.S.C.§ 30501, et seq.

Defendants agree that the removal was more than 30 days after service of the petition and that it is too late to file a complaint for limitation of liability (rec. doc. 6). They argue, however, that they may assert limitation as a defense, just as they may assert government contractor as a defense. These defenses, they urge, provide federal question jurisdiction. They did not waive this right by waiting 60 days before removal, they argue, because counsel did not learn of the defense until he was able to interview defendant's representative, who had been quarantined after exposure to TB. Plaintiff gave them informal extensions of time to plead, and defendants also complain that plaintiff did not put sufficient information in the petition to determine whether or not diversity jurisdiction existed and that plaintiff deliberately did not mention the USCG's role with defendants "in a blatant attempt to prevent defendants from timely removing this case." (rec. doc. 6) Thus, defendants argue that either the 30-day period for removal should run from the date counsel learned of the USCG's connection, or the untimeliness should be forgiven for "exceptional circumstances."

## Discussion

The removing party bears the burden of showing both that federal jurisdiction exists and, if challenged, that the removal was procedurally proper. See, e.g., *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5ht Cir. 2002). The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). The timeliness of a notice of removal is governed by 28 U.S.C. §1446(b), which creates a 30-day limitation period for removing cases. The 30-day period

cannot be extended by stipulation of parties or by order of the court. *Albonetti v. GAF Corporation-Chemical Group*, 520 F.Supp. 825 (S.D. Tex. 1981). Additionally, the 30-day period removal period is mandatory and must be strictly construed. *Carlton v. Withers*, 609 F.Supp. 146 (M.D. La. 1985). Failure to timely file a notice of removal is a defect that requires remand to state court. See *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir.1982).

The right to remove arises when a defendant is first put on notice that all prerequisites for invoking federal jurisdiction have been met. Thus, "if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir.1992). The federal question ordinarily must appear on the face of a properly pleaded complaint, and an anticipated or actual federal defense generally does not qualify a case for removal. *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999). Suits against the United States, any agency of the United States, or federal officers are exceptional in this regard. Id.; see also 28 U.S.C. §1442. Under Section 1442, suits may be removed even if the complaint does not raise a federal question on its face because the federal question element is met if the defense depends on federal law. *Id.;* see also *Harris v. Rapid American Corp.*, 532 F.Supp.2d 1001, 1004 (N.D. Ill. 2007).

If it is not readily apparent from the initial pleading that the case is removable, a notice of removal must be filed "within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Defendants Specialized and State National were served with plaintiff's petition on December 7 and 12, 2007, respectively. Thus, had a federal question been apparent from the face of plaintiff's petition, they were required under Section 1446(b) to file their notice of removal within 30 days from the date the first defendant was filed. Neither of the informal extensions of time in which to plead granted by the plaintiff's attorney in favor of the defendants would extend the statutory 30-day time period in which the defendants had to remove this matter under Section 1446(b), and defendants cite to no other "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)

Although defendants complain that plaintiff failed to include allegations of citizenship, amounts, or the relationship between Specialized and the USCG in his petition, plaintiff has no obligation to allege either diversity or federal question jurisdiction in his state court petition. He clearly alleged, however, when, where, and how he was injured – the accident happened when the airboat operated by Specialized's employee crashed ashore in the Sabine National Wildlife Refuge in the Parish of Cameron on December 12, 2006. Additionally, some six months earlier, plaintiff had placed defendants on notice of the accident and possible legal action in a July 5, 2007, letter. Thus, defendant Specialized was aware of the time, place, description, and individuals involved in this simple boating accident. Since counsel has made much of the fact that Specialized is a very small organization with few employees and only one person in charge, there is no reason, or even argument put forth, that the *defendant* did not know that it was taking directives from the USCG at the time of the accident. It also knew that information when it was served with the state court petition, just as it had sufficient facts at that time to decide whether or not to assert limitation of liability.

Specialized, however, does not really suggest that its business is so broad in scope that it could not ascertain from the allegations in the plaintiff's petition that its work in the Sabine National Wildlife Refuge on the date of the alleged incident was at the directive of the USCG, which arguably could give rise to the government contractor defense. Defendants also do not point to any pleading or paper filed subsequent to the petition that would trigger the 30-day time period.  Rather, counsel argues that he was not able to get in touch with the "sole member" of Specialized within 30 days of the filing of the petition in order for counsel to make the determination that the petition stated grounds for removal.

First, the trigger for the 30-day removal is not when *counsel* has sufficient information, it is when the *defendant* has the information.  And even if the timing of counsel's knowledge played some role, defendant has provided no real justification for a 60-day delay in obtaining the information.

Specialized justifies its tardy removal based on the affidavit of its sole member, Broussard, who states that he was quarantined by the Louisiana Department of Health and Hospitals for a possible tuberculosis infection from mid-December, 2007 until mid-January, 2008.[2]  Specialized does not explain why counsel could not have reached Broussard by another means such as telephone, facsimile, or email during this time period. Nevertheless, defendants would have the court believe that the unreachable Broussard was the sole source of information, yet, paradoxically,  Broussard's verification is entirely reliant on information provided by another of Specialized's employees.[3]

---

[2]  Specialized was served with the petition on December 7, 2008.

[3]  Despite the fact that the verification contains several instances of hearsay, it is admissible to show that Broussard is not the *only* person at Specialized with information about the fact that it was working under the directives of the USCG, which gives rise to removal under Section 1442.

Broussard states as follows:

> 5. My employee in the field informed me that the United States Coast Guard was the party that considered all environmental concerns in making paths through the narrow channels from water travel.
>
> 6. My employee in the field informed me that Specialized Environmental was provided with specific travel routes through the marsh by the United States Coast Guard, and it complied with those specific directives.

 (rec. doc. 7).

It is uncontradicted that the role of the USCG in this matter was information within the province of the defendant; it was not information known solely to and withheld by the plaintiff, if plaintiff knew it at all. It was not information that came to light after some other pleading or document or other paper was filed. Furthermore, the evidence offered by defendants themselves establishes that Specialized had employees other than the quarantined Broussard with knowledge about the work performed in the Sabine National Wildlife Refuge. Thus, there is nothing whatsoever to show that all the information necessary for *defendant* to realize the role of the USCG in this matter was not present on the face of the petition. A timely removal therefore had to occur no later than 30 days from the service of the petition, which did not happen.

Defendants also request the Court to apply the "exceptional circumstances doctrine" recognized in *Gillis v. State of Louisiana,* 294 F.3d 755 (5th Cir. 2002). The "exceptional circumstances doctrine" recognized in *Gillis* and *Getty Oil v. Ins. Co. Of N. Am.,* 841 F.2d 1254, 1263, n12 (5th Cir. 1988), applies to situations where removal is allowed although all defendants fail to properly file their consent to removal within the 30-day time period. This is not the situation in the instant matter, and, regardless, there are no exceptional circumstances here that would warrant a departure from the ordinary rules of removal.

The court does not reach the defendants' other arguments in light of the court's finding that the removal was not filed within 30 days of service of the initial state court petition.

## Conclusion

Based on the foregoing, it is recommended that plaintiff's motion to remand (rec. doc. 2) should be **GRANTED.**

Signed in Baton Rouge, Louisiana, on June 2, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESUS JUAREZ** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 08-104-RET-DLD** |
| **DAVE MOUTON, STATE NATIONAL INSURANCE COMPANY, INC., AND SPECIALIZED ENVIRONMENTAL RESOURCES, L.L.C.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 2, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**